## STATE *vs.* JUDGE OF THE COURT OF PROBATES OF THE PARISH OF IBERVILLE.

PORTER, J. delivered the opinion of the court. A rule has been directed to the judge of probates for the parish of Iberville, requiring him to show cause why he should not admit to probate, and declare executory the will of Lucy Jackson.

A will made in one state, and admitted to probate in another, may be ordered for execution in this state, on producing the record of its having been admitted to probate by any court of competent jurisdiction.

Eastern District.
*February*, 1830.

STATE
*vs.*
PARISH JUDGE
OF IBERVILLE.

He has assigned as reason for not doing so, that proof had not been made that the will was executed by the testator, nor that it had been duly proved before a competent judge of the place where it was received.

The will in question was made in Ireland, in the kingdom of Great Britain, and appears to have been admitted to probate in the state of Alabama.

The 1682d article of the Louisiana code provides for the execution of testaments made in other states of the union, and foreign countries, " without any other form than that of registering the testament, if it be established that the testament has been duly proved before a competent judge of the place where it was received. In the contrary case, the testament cannot be carried into effect, without its being first proved before the judge by whom the execution is ordered.

The difficulty felt by the judge of probates, appears to have arisen on the proper interpretation to be given to the expressions of the law in the place where it was received. He seems to have thought these words must be understood to require proof in the place where the will was made. We are, however, of opin-

Eastern District.
*Febuary*, 1830.

STATE
*vs.*
PARISH JUDGE
OF IBERVILLE.

on, that if the will was proved and received before any court of competent jurisdiction, he should have ad.nitted it to probate in this state. Such is the literal meaning of the terms, *the place where it was received.* And we see no reason why they should be deviated from. When a will is made in one country, to operate on property situated in another, there is no necessity of proving it in that where it was written. Its validity may be established in the first instance before the courts of the country where it is to take effect. There is no good cause apparent to us, for refusing faith and credit to the acts of a court thus receiving it, and reposing confidence in the admission of it by the tribunals where it was made. The object of our law appears to us to have been, to admit to probate wills made out of the state, which had already been received elsewhere, and to require proof of their execution, where this sanction had not been bestowed on them.

Let the rule be made absolute.